UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF IOWA - CEDAR RAPIDS DIVISION

**RECEIVED**

APR 29 2025

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

Douglas Norem,

    Plaintiff,

v.

City of Cedar Rapids, Iowa; Officer Paul Cavin (Badge #1163); Officer Melinda Rauwolf (Badge #1148); Officer Chris Christy (Badge #Unknown); Officer Kyzer Moore (Badge #1149); Officer Lucas Liddle (Badge #0946); Sergeant Jeffrey Herbert (Badge #0810); and Sergeant Shannon Aguero Jones (Badge #1063),

    Defendants.

Case No. _____

COMPLAINT

JURY TRIAL DEMANDED

## JURISDICTION AND VENUE

This action arises under 42 U.S.C. -1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is proper under 28 U.S.C. -1331 (federal question) and 28 U.S.C. -1343 (civil rights enforcement). Venue is proper in the Northern District of Iowa - Cedar Rapids Division under 28 U.S.C. -1391(b), as all events giving rise to this action occurred in Linn County, Iowa, within this division.

## BACKGROUND

Plaintiff Douglas Norem was arrested on November 21, 2024, and charged in Linn County District Court under Case No. FECR157143. On March 5, 2025, he was fully acquitted of all charges following a bench trial before Judge Christopher Bruns.

FACTUAL ALLEGATIONS

1. In November 2024, Plaintiff began communicating via text with a person claiming to be a 19-year-old woman. During the exchange, the individual changed her stated age to 15. Plaintiff immediately asked whether the person was affiliated with law enforcement. The response was "No."

2. Plaintiff remained skeptical throughout the conversation and never traveled to or entered the meeting location. On November 21, 2024, while parked in the lot of Budget Car Rental, Plaintiff was approached by undercover officers and arrested.

3. During the arrest, Officer Chris Christy removed Plaintiff's iPhone from his coat pocket while Plaintiff was handcuffed and in custody. Officer Melinda Rauwolf then spoof-called the decoy number to trigger Plaintiff's phone. Officer Christy confirmed the phone rang. Sergeant Jeffrey Herbert supervised and participated in this evidence-gathering tactic.

4. At the time of the arrest and spoof call, no search warrant had been obtained. The iPhone was seized and used to create probable cause before any judicial authorization.

5. Officer Paul Cavin later completed a CRPD Evidence Log on December 7, 2024, falsely stating that the phone had been "seized via search warrant." However, a property receipt signed on November 21, 2024, confirms the phone was entered into evidence the night of Plaintiff's arrest.

6. Officer Cavin did not request a search warrant until December 5, 2024 - 14 days after the seizure. The warrant was executed on December 7, 2024, far outside the constitutional standard and with no exigent circumstances.

7. During Plaintiff's criminal trial, Officer Cavin testified under oath that he conducted "no further investigation" after November 21, 2024, other than a phone extraction performed roughly 80 days later. Yet records show Cavin authored multiple reports, signed a search warrant application, filed the CRPD evidence log, and created a "post-arrest supplement" designed to backdate and justify the seizure.

8. Officer Cavin also admitted under oath that he was unaware of Iowa Code - 808.8, which requires execution of a warrant within 10 days of issuance. He further admitted that no new warrant was obtained for the later phone search.

9. Despite being charged with four criminal offenses - including Sexual Exploitation of a Minor, a Class B Felony - officers did not obtain warrants to search Plaintiff's vehicle, residence, or other devices. No witness interviews, surveillance, or digital forensics were pursued.

10. Supervisors, including Sergeant Herbert and Sergeant Shannon Aguero Jones, signed off on reports and supplements containing material inaccuracies and omissions. None of the officers involved were disciplined or corrected.

11. The Cedar Rapids Police Department entered all four charges into the booking system, even though only two charges were formally filed. These four charges were then published online, including the Class B Felony, damaging Plaintiff's reputation immediately.

12. Plaintiff was fully acquitted of all charges on March 5, 2025, in Case No. FECR157143, following a bench trial before Judge Christopher Bruns. No apology or correction was issued by the City.

13. As a direct result of the officers' conduct, Plaintiff was terminated from his career, lost his book of business, suffered public and professional stigma, and experienced severe emotional and financial harm.

## CLAIMS FOR RELIEF

COUNT I - Fourth Amendment Violation (Unlawful Seizure and Search of iPhone)

Against: Officers Paul Cavin, Chris Christy, Melinda Rauwolf, Jeffrey Herbert, and Lucas Liddle

Plaintiff realleges and incorporates by reference all preceding paragraphs.

On November 21, 2024, while Plaintiff was handcuffed and in custody, Officer Chris Christy removed Plaintiff-s iPhone from his coat pocket. The phone was later logged into evidence by Officer Lucas Liddle, who completed a property receipt without reference to any judicial warrant. At the time of seizure and logging, no search warrant had been obtained.

Shortly after the seizure, Officer Melinda Rauwolf initiated a spoof call from the decoy number to Plaintiff-s phone. Officer Christy, who was in physical possession of the phone, confirmed that the phone rang-thereby linking the device to the decoy number used in the sting operation. This evidence-gathering was conducted while Plaintiff was in custody and without a valid search warrant. Sergeant Jeffrey Herbert supervised and authorized this activity.

Officer Paul Cavin did not request a search warrant until December 5, 2024-14 days after the phone was seized and used for investigative purposes. Cavin then executed the warrant on December 7, 2024 and submitted a CRPD evidence log falsely claiming the phone had been -seized via search warrant,- despite prior documentation showing otherwise.

This conduct constituted an unlawful seizure and unconstitutional search under the Fourth Amendment to the United States Constitution, as clearly established in Riley v. California, 573 U.S. 373 (2014). No exigent circumstances justified the delay in obtaining a warrant or the use of Plaintiff-s phone to gather evidence.

As a direct and proximate result of this unlawful seizure and search, Plaintiff suffered deprivation of constitutional rights, loss of liberty, emotional distress, and reputational and economic harm.

COUNT II - Fourteenth Amendment Violation (Malicious Prosecution)

Against: Officers Paul Cavin, Kyzer Moore, Melinda Rauwolf, Chris Christy, Jeffrey Herbert, and Lucas Liddle

Plaintiff realleges and incorporates by reference all preceding paragraphs.

Defendants Cavin, Moore, Rauwolf, Christy, Herbert, and Liddle each participated in the initiation and advancement of a criminal prosecution against Plaintiff without probable cause. Officer Cavin submitted misleading reports and misrepresented warrant timing. Officer Moore co-authored a report that mischaracterized Plaintiff's communications. Rauwolf initiated a warrantless spoof call. Christy confirmed the spoofed call while Plaintiff was in custody. Herbert supervised and approved the conduct. Liddle distracted Plaintiff during the seizure and later logged the phone as evidence without warrant authority.

Plaintiff was acquitted on March 5, 2025. The prosecution caused reputational damage, economic loss, emotional trauma, and destruction of Plaintiff-s professional career.

COUNT III - Monell Liability - 42 U.S.C. - 1983

Against: City of Cedar Rapids, Iowa

Plaintiff realleges and incorporates by reference all preceding paragraphs.

The City of Cedar Rapids, through its police department, customs, practices, policies, and failures to act, caused and contributed to the violations of Plaintiff-s constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

The officers involved in this case were not rogue actors. Their unconstitutional conduct-including a warrantless phone seizure, illegal spoof call, falsified evidence logs, delayed and voided warrant execution, fabricated reports, and malicious prosecution-was either (a) conducted under existing policies and training, or (b) carried out with the knowledge and ratification of supervisory personnel.

Specifically:

- Officer Cavin admitted under oath he was unaware of Iowa Code - 808.8, demonstrating a failure to train on basic warrant law.
- Supervisors, including Sergeant Herbert and Sergeant Shannon Aguero Jones, approved reports containing false or misleading statements about the timing and legality of the seizure and search.
- Despite these red flags, the City took no action to intervene, correct the record, or discipline the officers involved.
- Officers were permitted to create, backdate, and submit reports to paper over clear constitutional violations with no oversight or correction.

These systemic failures created an environment in which unlawful seizures, dishonest reporting, and pretextual prosecutions could occur without accountability. The pattern of misconduct and absence of supervision or training reflects a policy or custom of deliberate indifference to constitutional rights, as described in Monell v. Department of Social Services, 436 U.S. 658 (1978).

As a direct and proximate result of the City-s failure to train, supervise, and correct its officers, Plaintiff

suffered deprivation of constitutional rights, emotional distress, reputational harm, and severe economic loss.

COUNT IV - False Arrest / False Imprisonment

Against: Officers Paul Cavin, Kyzer Moore, and any other officer who physically participated in the arrest

Plaintiff realleges and incorporates by reference all preceding paragraphs.

On November 21, 2024, Plaintiff was arrested in the parking lot of Budget Car Rental in Cedar Rapids, Iowa, by officers acting without probable cause. Officer Paul Cavin was the lead arresting officer, with Officers Moore and others participating. Plaintiff had not entered the designated meeting location, had not engaged in any criminal act, and had no physical contact with any individual involved in the operation.

During his criminal trial, Officer Cavin testified under oath that Plaintiff was already running before officers had identified themselves or issued commands. This testimony confirmed that Plaintiff could not have been knowingly interfering with an officer or obstructing justice under Iowa Code - 719.1(1)(b), the justification used for the arrest.

The arrest was further supported by a spoof call and evidence collection performed without a warrant, in violation of Plaintiff-s Fourth Amendment rights. No exigent circumstances existed, and Plaintiff-s rights were violated the moment he was taken into custody based on constitutionally deficient grounds.

As a direct and proximate result of the false arrest and ensuing detention, Plaintiff suffered loss of liberty, emotional distress, reputational damage, and financial harm. Plaintiff was later acquitted on March 5, 2025, of all charges, including Interference with Official Acts, after a bench trial before Judge Christopher Bruns, who found there was insufficient evidence to support any element of the offense.

COUNT V - Fourteenth Amendment Procedural Due Process (Stigma-Plus Theory)

Against: City of Cedar Rapids

Plaintiff realleges and incorporates by reference all preceding paragraphs.

On November 21, 2024, following Plaintiff-s arrest, the Cedar Rapids Police Department entered four criminal charges into the booking and arrest system. These charges were: (1) Interference With Official Acts, (2) Enticing a Minor under 16 for Sexual Purpose, (3) Prostitution - Purchase of Service from a Person Under 18, and (4) Sexual Exploitation of a Minor - Cause to Engage in Act.

Only two of those charges were ever formally filed by the Linn County Attorney-s Office. Nevertheless, the full list of all four charges-including multiple felonies and the Class B felony of Sexual Exploitation of a Minor-was automatically published to the Linn County Jail's inmate roster and synced to public platforms, including the -Linn County Iowa Inmates- Facebook page and third-party jail tracking websites.

This publication occurred before any formal filing or judicial review, and Plaintiff was given no opportunity to challenge or correct the information. The release of materially false and stigmatizing public records-without any procedural safeguards-constituted a deprivation of Plaintiff-s liberty interests under the Fourteenth Amendment.

As a direct result of the publication of these false charges, Plaintiff suffered irreparable reputational harm, was terminated from his job, lost his career and entire book of business, was ostracized from his community, and continues to suffer social and emotional harm.

The City of Cedar Rapids had no meaningful policies in place to verify the accuracy of publicly disseminated criminal charges before release, nor did it take corrective action following Plaintiff-s acquittal.

COUNT VI - Punitive Damages

Against: Officers Paul Cavin, Melinda Rauwolf, Chris Christy, Kyzer Moore, Lucas Liddle, Jeffrey Herbert, and Shannon Aguero Jones

Plaintiff realleges and incorporates by reference all preceding paragraphs.

The conduct of Defendants Cavin, Rauwolf, Christy, Moore, Liddle, Herbert, and Aguero Jones was malicious, reckless, and undertaken in deliberate disregard for Plaintiff-s clearly established constitutional rights. These officers knowingly participated in:

- The warrantless seizure and manipulation of Plaintiff-s iPhone,

- The spoof call conducted without judicial authorization,

- The backdating and falsification of evidence logs and narrative reports,

- The initiation of criminal charges without probable cause,

- The public dissemination of unfiled felony charges,

- And the creation and ratification of misleading documentation used to support those charges.

These actions were not mistakes, misunderstandings, or isolated lapses in judgment. They were part of a coordinated pattern of unconstitutional behavior, undertaken while Plaintiff was in custody, without legal justification, and later covered up through a false or misleading paper trail.

The individual Defendants- conduct meets the standard for punitive damages under federal law. Plaintiff

therefore seeks an award of punitive damages against each individual Defendant to punish the misconduct and to deter similar violations in the future.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against all Defendants, jointly and severally, and award the following relief:

1. Compensatory damages in an amount to be determined at trial;
2. Non-economic damages for mental anguish, humiliation, and loss of quality of life;
3. Punitive damages against the individually named Defendants;
4. Reasonable attorneys- fees and litigation costs under 42 U.S.C. - 1988;
5. Pre- and post-judgment interest under 28 U.S.C. - 1961;
6. Any such other relief as the Court deems just and proper.

Respectfully submitted,

Douglas Norem

2325 Wolf Run

Hiawatha, Iowa 52233

dmnorem@yahoo.com

(319) 329-6900

*Douglas Norem*

Dated: April 29, 2025

**Exhibit A**



CASE #: 202416134

# CEDAR RAPIDS POLICE DEPARTMENT
## PROPERTY RECEIPT

DATE: 11-21-24    TIME: 2228

☒ Evidence  ☐ Found Property  ☐ Stolen Recovered  ☐ Given to CRPD  ☐ Transfer of Property  ☐ Other

Address Property was Taken From: 5010 Council St NE
Property Received From: Norem, Douglas
Address: 2325 Wolf Run Hiawatha    Phone: 319 329 6900

| # | Quantity | Description | Presumed Owner | Serial # | Address | Value | Phone |
|---|---|---|---|---|---|---|---|
| 1 | | Grey/Graphite IPhone | Norem, Douglas | | 2325 Wolf Run Hiawatha | 800 | 319 329 6900 |
| 2 | | | | | | | |
| 3 | | NOT UP | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |

Comments/Person Receiving Property Information: _____

I hereby acknowledge that the above list represents all property taken from my possession and that I have received a copy of this receipt.

Print Name: Douglas Norem    Signature: X Refused    Date: 11-21-24

I hereby acknowledge that the above list represents all property transferred in my presence or received by me in the official performance of my duty as a police officer.

Officer Print Name: Liddle 946    Signature: [signed] 946    PIN#: 946

White – Records    Yellow – Person Receiving Property    Pink – Person Received From

CRPD Form #407 (Rev 02/2015)    Page 1 of 1

LCAO - Discovery Purposes Only - Dissemination of personal or confidential information contained herein is strictly prohibited. 00000018

Docusign Envelope ID: 85614937-CDEA-4087-80A7-789D63F12B16

# SEARCH WARRANT COVER SHEET

**COUNTY TO FILE SEARCH WARRANT:** 57 - LINN

x **Person**  **Organization**  **Tangible Object**

**NAME:** First Douglas

Middle Melvin

Last/Organization Name Norem

**DATE OF BIRTH:** 03/24/1974

**SOCIAL SECURITY NUMBER:** [redacted]

**ADDRESS:** 2325 Wolf Run

Hiawatha    IA    52233

**ITEM/PROPERTY:**

**PROTECTED INFORMATION** (Include protected information that is not already listed above. Redact protected information from application/search warrant documents and attachments):

**AGENCY:** Cedar Rapids Police Department
**AGENCY CASE #:** 2024-16134

**DATE REQUESTED:** December 5, 2024 | 1:13 PM CST
**DATE EXECUTED:** 12/07/2024

LCAO - Discovery Purposes Only - Dissemination of personal or confidential information contained herein is strictly prohibited. 00000027

Docusign Envelope ID: 85614937-CDEA-4087-80A7-789D63F12B16

# APPLICATION FOR SEARCH WARRANT

I, the undersigned, being duly sworn, state that I have reason to believe that at the place(s) and/or on the persons and/or in the vehicles described as follows I believe there is property as listed below which is:

Property which has been obtained in violation of the law.
Property which is illegally possessed.
Property used or possessed with the intent to be used to commit a public offense or
    concealed to prevent an offense from being discovered.
x  Property relevant and material as evidence in a criminal prosecution or investigation.
A person for whom there is an outstanding warrant.

### PROPERTY OR PERSONS TO BE SEARCHED:

A grey graphite Apple Iphone with a black case belonging to Douglas Norem DOB 03/24/1974. The cellphone is currently being stored at the Cedar Rapids Police Department 505 1st St SW, Cedar Rapids, Linn County, IA 52404.



### ITEMS SOUGHT
*SEE ATTACHMENT A*

The facts establishing the grounds for issuance of a search warrant are as set forth in the attachments made a part of this application.

*Paul Cavin*

Applicant

Sworn and attested to by Paul Cavin     on December 5, 2024 | 1:36 PM CST
in person, by telephone, or via other acceptable communication mediums.

*Casey Jones*
Judge or Magistrate    6th      Judicial District
    57 - LINN                County, Iowa

Wherefore the undersigned asks that a Search Warrant be issued.

_____
County Attorney

LCAO - Discovery Purposes Only - Dissemination of personal or confidential information contained herein is strictly prohibited. 00000028

Docusign Envelope ID: 85614937-CDEA-4087-80A7-789D63F12B16

# SEARCH WARRANT

STATE OF IOWA
COUNTY OF 57 - LINN
AGENCY CASE NO: 2024-16134

TO ANY PEACE OFFICER IN THE STATE:

On this date, proof having been made before me as provided by law that the property and/or persons listed herein should be searched by you for the items listed below, and being satisfied that the facts set out in the application appear to be true, you are hereby commanded to make an immediate search of such property and/or persons and if the property or any part thereof is found, you are commanded to take such items into custody until directed to bring the property before me at my office.

### PROPERTY OR PERSONS TO BE SEARCHED:

A grey graphite Apple Iphone with a black case belonging to Douglas Norem DOB 03/24/1974. The cellphone is currently being stored at the Cedar Rapids Police Department 505 1st St SW, Cedar Rapids, Linn County, IA 52404.

### ITEMS SOUGHT
*SEE ATTACHMENT A*

SUCH ITEMS ARE SOUGHT BECAUSE THEY ARE:
  Property which has been obtained in violation of the law.
  Property which is illegally possessed.
  Property used or possessed with the intent to be used to commit a public offense or
    concealed to prevent an offense from being discovered.
X Property relevant and material as evidence in a criminal prosecution or investigation.
  A person for whom there is an outstanding warrant.

This warrant is issued by the authority of a judge or judicial magistrate upon a finding that there is probable cause to justify the requested search /seizure.

On the date hereof, I placed the Applicant under oath and the applicant swore or affirmed that the Applicant had signed the application and that the contents of the application are true and correct.

Dated on December 5, 2024 | 1:36 PM CST

*Casey Jones*
Judge/Magistrate

LCAO - Discovery Purposes Only - Dissemination of personal or confidential information contained herein is strictly prohibited. 00000036

Docusign Envelope ID: 85614937-CDEA-4087-80A7-789D63F12B16

# RETURN OF SERVICE

| STATE OF IOWA | ) | CASE NO. | |
|---|---|---|---|
| 57 - LINN COUNTY | ) | X EXECUTED | NOT EXECUTED |

I, Paul Cavin , being a Peace Officer in and for 57 - LINN County, State of Iowa, hereby certify that the within Search Warrant came into my hands on December 5, 2024 | 1:36 PM CST

I executed said warrant by making a search of the premises, person, place, residence, or vehicle described therein, and the following property is an inventory of the property seized: SEE ATTACHED LIST OF SEIZED PROPERTY which said property I seized by virtue of the within warrant and which I now hold subject to further orders of the Court.

    I have further executed the attached warrant by giving a copy of the warrant, together with a receipt for the property taken to the following,

X    No person having been found on the premises, I have left a copy of the inventory and a receipt for the property taken at the place where the property taken was found.

I, the officer by whom the attached warrant was executed, do certify that the above inventory contains a true and detailed account of the property taken by me o the warrant and is accurate to the best of my knowledge.

I further certify under penalty of perjury and pursuant to the laws of the State of Iowa that the preceding is true and correct.

*Paul Cavin*
_____
Peace Officer

Subscribed and sworn to before me by the said Paul Cavin on

_____
Clerk of District Court

LCAO - Discovery Purposes Only - Dissemination of personal or confidential information contained herein is strictly prohibited. 00000038

# Exhibit C (1 of 2)

**docusign**

## Certificate Of Completion

Envelope Id: 85614937CDEA408780A7789D63F12B16
Subject: 2024-16134 phone warrant
Source Envelope:
Document Pages: 13    Signatures: 5    Status: Sent
Certificate Pages: 2    Initials: 0
AutoNav: Enabled
EnvelopeId Stamping: Enabled
Time Zone: (UTC-06:00) Central Time (US & Canada)

Envelope Originator:
Paul Cavin
p.cavin@cedar-rapids.org
IP Address: 65.156.255.208

## Record Tracking

Status: Original
11/22/2024 12:13:04 AM

Holder: Paul Cavin
p.cavin@cedar-rapids.org

Location: DocuSign

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| Paul Cavin<br>p.cavin@cedar-rapids.org<br>Police Officer<br>Cedar Rapids Police Department<br>Security Level: Email, Account Authentication (None) | *Paul Cavin*<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 207.191.195.98 | Sent: 11/22/2024 12:14:45 AM<br>Viewed: 11/22/2024 12:15:02 AM<br>Signed: 12/5/2024 1:13:37 PM |
| Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | | |
| Casey Jones<br>casey.jones@iowacourts.gov<br>Security Level: Email, Account Authentication (None) | *Casey Jones*<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 165.206.43.57 | Sent: 12/5/2024 1:13:40 PM<br>Resent: 12/5/2024 1:29:22 PM<br>Viewed: 12/5/2024 1:32:28 PM<br>Signed: 12/5/2024 1:36:38 PM |
| Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | | |
| Paul Cavin<br>p.cavin@cedar-rapids.org<br>Police Officer<br>Cedar Rapids Police Department<br>Security Level: Email, Account Authentication (None) | *Paul Cavin*<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 65.156.255.208 | Sent: 12/5/2024 1:36:42 PM<br>Viewed: 12/7/2024 1:41:59 AM<br>Signed: 12/7/2024 1:46:38 AM |
| Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | | |
| Clerk of Court<br>countyclerk.linn@iowacourts.gov<br>Security Level: Email, Account Authentication (None) | | Sent: 12/7/2024 1:46:40 AM<br>Resent: 12/7/2024 1:47:49 AM |
| Electronic Record and Signature Disclosure:<br>Not Offered via DocuSign | | |

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Agent Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Intermediary Delivery Events | Status | Timestamp |
| --- | --- | --- |

LCAO - Discovery Purposes Only - Dissemination of personal or confidential information contained herein is strictly prohibited. 00000048

**Exhibit C (2 of 2)**

| Certified Delivery Events | Status | Timestamp |
|---|---|---|
| Carbon Copy Events | Status | Timestamp |
| Witness Events | Signature | Timestamp |
| Notary Events | Signature | Timestamp |
| **Envelope Summary Events** | **Status** | **Timestamps** |
| Envelope Sent | Hashed/Encrypted | 11/22/2024 12:14:45 AM |
| Envelope Updated | Security Checked | 12/5/2024 1:29:21 PM |
| Envelope Updated | Security Checked | 12/5/2024 1:29:21 PM |
| Envelope Updated | Security Checked | 12/7/2024 1:47:48 AM |
| Envelope Updated | Security Checked | 12/7/2024 1:47:48 AM |
| Payment Events | Status | Timestamps |

LCAO - Discovery Purposes Only - Dissemination of personal or confidential information contained herein is strictly prohibited. 00000041

# Exhibit D

 

## CEDAR RAPIDS POLICE DEPARTMENT

**Police Incident Summary**

*Confidential - For official use only*

### EVIDENCE

| Case Number | Last Updated Date/Time | Prop ID | Description |
|---|---|---|---|
| 202416134 | 11/21/2024 8:32:00 PM | 92389515 | GREY IPHONE |

### ATTACHMENTS

| Case Number | Date/Time Added | Description |
|---|---|---|
| 202416134 | 11/22/2024 7:07:11 AM | ARREST PACKET EMAIL |
| 202416134 | 11/25/2024 9:22:07 PM | TEXT CHATS.PDF |
| 202416134 | 12/3/2024 11:32:01 AM | RECORD REQUEST GOVQA |
| 202416134 | 12/7/2024 2:12:41 AM | PROPERTY RECEIPT |
| 202416134 | 12/7/2024 2:36:11 AM | SEARCH WARRANT |

### SUPPLEMENTS

| Case Number | Last Updated Date/Time | Author |
|---|---|---|
| 202416134 | 11/22/2024 12:37:45 AM | MOORE KYZER |
| 202416134 | 11/22/2024 12:15:00 AM | RAUWOLF MELINDA |
| 202416134 | 11/22/2024 12:21:00 AM | HEIM NATHAN |
| 202416134 | 11/22/2024 3:01:14 AM | CAVIN PAUL |
| 202416134 | 12/7/2024 7:50:18 AM | CAVIN PAUL |

LCAO - Discovery Purposes Only - Dissemination of personal or confidential information contained herein is strictly prohibited. 00000042